United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINDA DESROSIERS,

     Plaintiff,

  v.

THE HARTFORD, aka HARTFORD
FIRE INS. CO., HARTFORD FINANCIAL
SERVICES GROUP, INC., and DOES 1
through 20, inclusive,

     Defendants.

                                       /

No. C 12-80104 WHA

**ORDER TO COMPEL
COMPLIANCE WITH
SUBPOENA AND TESTIMONY
AT DEPOSITION**

**INTRODUCTION**

     In this employment action, defendant The Hartford moves to compel compliance with

two subpoenas and to compel testimony at a deposition on May 18.  For the following reasons,

defendant's motion is **GRANTED**.

**STATEMENT**

     Plaintiff Linda DesRosiers was an employee of defendant The Hartford from

April 2006 to July 2007.  Plaintiff claimed that defendant denied her accommodation for a

medical condition, and retaliated against her request for accommodation, which eventually led

to her constructive discharge.  Plaintiff alleged the following state causes of action in California

superior court in January 2009:  (1) disability discrimination; (2) failure to accommodate;

(3) failure to engage in good faith interactive process; (4) retaliation; and (5) failure to prevent

1    and remedy discrimination.  Defendant filed a notice of removal to the United States District

2    Court for the Eastern District of California based on diversity of citizenship in July 2009

3    (Deschler Decl. Exh. A).  Trial is set for January 22, 2013, before Judge Morrison England, Jr.

4         Plaintiff's complaint stated that she suffered "emotional pain, loss of self-esteem,

5    grief, stress, anxiety, stigma, humiliation, mental anguish, and loss of enjoyment of life," and

6    "claim[ed] general damages for mental and emotional distress and aggravation . . ." (*id*. at ¶¶ 36,

7    58).  Thus far, no evidence other than plaintiff's own statements has been produced to show

8    these purported emotional and/or psychological injuries (Br. at 3).

9         Plaintiff identified Cynthia Font, Ph.D., as a professional who has treated plaintiff for

10   her alleged emotional and/or psychological injuries.  Defendant served subpoenas on Dr. Font

11   on February 27 and 28, 2012, requesting production of the following records by March 14 and

12   April 2, respectively (Deschler Decl. Exhs. D, E):

13             All notes, communications, correspondence, electronic
               information, records, videos, photographs and documents of any
14             kind that pertain to plaintiff's medical treatment or condition
               (whether physical or psychological), including but not limited
15             to:  histories, complaints, symptoms, examinations, findings,
               diagnoses, prognoses, sign-ins, appointments, counseling, physical
16             therapy, billing and payments.

17   Dr. Font has not produced those records, citing privacy concerns.  On April 6, defendant served

18   a subpoena setting Dr. Font's deposition for May 18 and requiring her to produce records and

19   answer questions relating to treatment of plaintiff's emotional distress, attaching a letter

20   explaining the legal authority requiring Dr. Font to produce these documents (*id*. Exh. G).

21   Dr. Font has stated that she is willing to cooperate with defendant's discovery but feels

22   compelled to protect her patient's privacy by not disclosing any documents or information absent

23   a court order.  Plaintiff has not moved to quash defendant's subpoena, and has produced various

24   other medical records throughout discovery without ever asserting privacy interests (Br. at 1–4).

25        Defendant filed the instant motion on April 13.  Plaintiff failed to file an opposition

26   by the April 27 deadline, and has not responded to an order to show good cause for not opposing

27   this motion (Dkt. No. 10).

28

United States District Court
For the Northern District of California

1

**ANALYSIS**

2      FRCP 45(c)(2)(B)(1) allows a party to move a court for an order compelling production

3  or inspection when the other party fails to comply with a subpoena.  FRCP 26(b)(1) allows

4  discovery "regarding any nonprivileged matter that is relevant to any party's claim

5  or defense . . ."  FRE 501 states that "in a civil case, state law governs privilege regarding a

6  claim or defense for which state law supplies the rule of decision."  In California, when a

7  plaintiff seeks recovery for mental injuries, that plaintiff "unquestionably waive[s] their

8  physician-patient and psychotherapist-patient privileges as to all information concerning the

9  medical conditions which they have put in issue."  *Britt v. Superior Court*, 20 Cal.3d 844, 849

10  (1978).

11      Plaintiff has not asserted her privacy rights or objected to the production of the records

12  or testimony sought.  Even if plaintiff had objected, she has undoubtedly put her mental and

13  emotional state at issue in this suit, and therefore has waived her privileges.  Defendant's motion

14  is therefore **GRANTED**.

15

**CONCLUSION**

16      For the foregoing reasons, defendant's motion is **GRANTED**.  Dr. Font is hereby

17  **ORDERED** to produce all records in compliance with defendant's subpoenas from February 27

18  and 28.  Dr. Font is also **ORDERED** to produce documents and answer questions at the May 18

19  deposition pertaining to her treatment of plaintiff.  The hearing scheduled for May 10

20  is **VACATED**.

21

22      **IT IS SO ORDERED.**

23

24  Dated:  May 8, 2012.

25  _____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

26

27

28

3